UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN D. IRISH,<br><br>               Plaintiff,<br><br>      v.<br><br>FCA US, LLC.,<br><br>               Defendant. | Case No. 5:24-cv-02726-AB-DTB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [Dkt. No. 18]** |

Before the Court is Defendant FCA US, LLC's ("Defendant") Motion for Judgment on the Pleadings ("Motion," Dkt. No. 18). Plaintiff Sean D. Irish ("Plaintiff") filed an Opposition (Dkt. No. 20)[1] and Defendant filed a Reply (Dkt. No. 21). For the following reasons, the Court **GRANTS** Defendant's Motion.

## I.    FACTUAL BACKGROUND

On August 20, 2024, Plaintiff filed his "Complaint for Violations of Statutory Obligations" ("Compl.," Dkt. No. 1-1) in Riverside County Superior Court. Defendant removed the action to this Court. The Complaint alleges as follows.

On May 23, 2015, Plaintiff purchased a Certified Pre-Owned 2015 Chrysler 200 ("Vehicle") manufactured by Defendant. Compl. ¶ 6. The Vehicle came with an

---

[1] The Court admonishes Plaintiff for filing his opposition four days late without leave of Court. Future violations of Court rules will result in sanctions.

1

express warranty. Compl. Ex. A. Plaintiff does not plead whether the warranty was the original new-car warranty, or a CPO warranty, but the warranty attached to the Complaint appears to be the 2015 new car warranty issued to the first purchaser.

During the applicable express warranty period, the Vehicle presented with "defects and nonconformities … including but not limited to, transmission defects, engine defects, electrical defects; among other defects and non-conformities." *Id.* ¶ 11. Plaintiff alleges that "said defects/nonconformities substantially impair the use, value, or safety of the Vehicle," rendering "the value of the Vehicle worthless and/or *de minimis.*" *Id.* ¶¶ 12-13. Plaintiff alleges that Defendant manufactured the Vehicle with a defective 9-speed transmission "which may result in hesitation or acceleration, loss of power, hard and/or harsh shifts, and/or jerking (the 'Transmission Defect')." *Id.* ¶¶ 14-15. Last, Plaintiff alleges that "while Defendant [] knew about the Transmission Defect, and its safety risks since prior to Plaintiff purchasing the Subject Vehicle, Defendant [] nevertheless concealed and failed to disclose the defective nature of the Vehicle and its Transmission Defect to its sales representatives and Plaintiff at the time of sale and thereafter." *Id.* ¶ 19. Based on these facts, Plaintiff brings four claims for violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act" or the "Act") (Counts 1-4) and one claim for fraudulent inducement-concealment (Count 5).

Defendant now moves for judgment on the pleadings on several grounds. First, Defendant argues that all of Plaintiff's claims are time-barred on the face of the Complaint: Plaintiff purchased the Vehicle in May 2015 and filed suit in August 2024, about nine years later—untimely under the four-year and three-year statutes of limitation that govern his claims. Second, Defendant argues that Plaintiff's Vehicle is not a "new motor vehicle" as defined by the Song-Beverly Act and therefore Plaintiff cannot pursue claims against Defendant under the Act. And Defendant argues that Plaintiff's fraud claim fails for three additional reasons: that Plaintiff has not met Rule 9(b)'s heightened pleading standard for fraud claims; that Plaintiff has not pled facts sufficient to establish that Defendant had a duty to disclose; and the fraud claim is

barred by the economic loss rule. Plaintiff opposes all grounds.

## II.      LEGAL STANDARDS

### A. Motion for Judgment on the Pleadings.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P.12(c). A Rule 12(c) motion is "functionally identical" to a motion to dismiss under Rule 12(b)(6). *U.S. ex rel. Cafasso v. Gen Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). Both motions are considered under the same standard of review. *Id.* Thus, a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Scanlon v. Cnty. of Los Angeles*, 92 F.4th 781, 796 (9th Cir. 2024). As such, judgment on the pleadings is appropriate when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To overcome a Rule 12(c) motion, the non-moving party must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, "mere conclusory statements in a complaint and formulaic recitation of the elements of a cause of action are not sufficient." *Id*.

### B. Rule 9(b)

When alleging a fraud claim, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) aims to preclude general fraud allegations that are devoid of particular circumstances surrounding the claim. *U.S. ex rel. Cafasso, Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011). Rule 9(b)'s heightened pleading standard serves not only to provide defendants with notice of the specific fraud allegations, "but also to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties, and society enormous social and economic costs absent some factual basis." *Id*. Both California law and Rule 9(b) require a plaintiff

3

alleging a fraud claim to include detailed allegations of the "who, what, when, where, and how" of the alleged misconduct. *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

## C. Leave to Amend.

A court may grant leave to amend a complaint where additional factual allegations could remedy the deficiencies in the original pleading. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Conversely, leave to amend may be denied if the court finds that no set of additional facts could cure the deficiencies in the complaint. *Alvarez v. Chevron Corp.*, 656 F.3d 925, 935 (9th Cir. 2011). A court may also grant leave to amend even if a party has not requested it, so long as it appears that amending the pleading could result in a properly stated claim. *Doe*, 58 F.3d at 497.

## III.   DISCUSSION

### A. All of Plaintiff's Claims are Barred by their Statutes of Limitations.

Plaintiff purchased the Vehicle in May 2015 and filed suit more than nine years later in August 2024. Defendant argues that all of Plaintiff's claims are untimely under their four-year and three-year limitations periods. Plaintiff responds that the discovery rule delayed the accrual of his claims so that they accrued within the statutory period.

Statutes of limitations start running when "the plaintiff has, or should have, inquiry notice of the cause of action.... [P]laintiffs are charged with presumptive knowledge of an injury if they have 'information of circumstances to put [them] *on inquiry*' or if they have '*the opportunity to obtain knowledge* from sources open to [their] investigation.' " *Tseng v. PeopleConnect, Inc.*, 665 F.Supp.3d 1136, 1145 (N.D. Cal. 2023) (original emphasis, quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 807-808, (2005)). If "the running of the statute is apparent on the face of the complaint," then a claim is barred by the applicable statute of limitations. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). If a complaint on its face appears time-barred, the plaintiff has the burden of plausibly pleading around the statute of limitations defense. *See Fox*, 35 Cal.4th at 808 ("[a] plaintiff whose

complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. . . conclusory allegations will not withstand demurrer") (cleaned up).

**1. All of Plaintiff's Claims for Violation of the Song-Beverly Warranty Act (Counts I-IV) Are Barred by the 4-Year Statute of Limitations.**

The parties agree that the statute of limitations that applies to Plaintiff's claims for breach of warranty under the Song-Beverly Act is the four-year period established by California Commercial Code § 2725. The section also states that "[a] cause of action accrues when the breach occurs," and that "[a] breach of warranty occurs when tender of delivery is made." Cal. Comm. Code § 2725(2). But "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance[,] the cause of action accrues when the breach is or should have been discovered." *Id*. Section 2725 also provides that it does not alter the law on tolling the statute of limitation.

Defendant argues out that Plaintiff's Song-Beverly Act claims accrued in May 2015 because that is when delivery was made, yet Plaintiff sued nine years later—well beyond the four-year limitations period. Indeed, for Plaintiff's Song-Beverly claims to be timely, they had to accrue no earlier than August 20, 2020–four years before he filed this action. Plaintiff responds that the breach "did not occur prior to the date of sale, as [Defendant] argues, but on [Defendant's] failure to replace or repurchase the Subject Vehicle after it failed to repair the vehicle….after multiple attempts." *See* Opp'n 8:21-24. Plaintiff further argues that this case was filed on "Aug. 9, 2024, which is within four years of the Oct. 24, 2020, date when Plaintiffs received the warranties." Opp'n 8:25-27.

Plaintiff's argument is faulty. First, Plaintiff's argument is replete with misstatements: Defendant did not make the nonsensical argument that the breach "occur[ed] prior to the date of sale"; Plaintiff did not file this case on August 9, 2024,

5

he filed it on August 20, 2024 (according to the Superior Court header on the Complaint); Plaintiff's assertion that "Oct. 24, 2020, [was] the date when Plaintiffs received the warranties" is pulled out of nowhere and makes no sense if, as the Complaint alleges, the operative warranty was received at the time of purchase in May 2015; and receipt of the warranty does not appear to be the event that triggers claim accrual and/or starts the statute of limitations. Second, and setting aside Plaintiff's nonsensical, error-riddled statements, Plaintiff's argument for an accrual date other than the date of tender of delivery is not supported by any factual allegations in the Complaint. Insofar as Plaintiff invokes the discovery rule, the Complaint is completely devoid of any allegations that go to when Plaintiff discovered the nonconformities, the repair attempts, and Defendant's alleged breach. Plaintiff only vaguely refers to "[d]efects and nonconformities…including but not limited to transmission defects, engine defects, electrical defects; among other defects and non-conformities"; states that they "manifested themselves within the applicable express warranty period"; refers to a "Transmission Defect"; and states the defect was discovered "shortly before the filing of the Complaint." *See, e.g.*, Compl. ¶¶ 11, 15, 36. These allegations are conclusory and non-factual and are completely inadequate to plausibly support the discovery rule.

Thus, Plaintiff's Song-Beverly Act claims accrued and the statute of limitations began to run on the date of the Vehicle's delivery (and purchase), May 23, 2015, and expired four years later, on May 23, 2019. Plaintiff filed his Complaint in August 2024, more than 5 years after the limitations period lapsed, so his Song-Beverly claims are untimely and are barred by the statute of limitations.

**2. Plaintiff's Claim for Fraudulent Inducement (Count V) is Barred by the 3-Year Statute of Limitations.**

Fraud claims are subject to a 3-year statute of limitations. Cal. Code Civ. Proc. § 338(d). "The cause of action [] is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." *Id*. "A fraud claim

6

will accrue even without actual knowledge if a plaintiff knows facts that should raise suspicion and trigger a further investigation." *Vera v. REL-BC, LLC*, 66 Cal.App. 5th 57, 69 (2021). *See also Brisbane Lodging, L.P. v. Webcor Builders, Inc.*, 216 Cal.App.4th 1249, 1257 (2013) (a "cause of action accrues under the discovery rule when the 'plaintiff either (1) actually discovered his injury and its negligent cause or (2) could have discovered injury and cause through the exercise of reasonable diligence…' ") Courts have routinely "held that plaintiff must affirmatively excuse his failure to discover the fraud within three years after it took place, by establishing facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Vera*, 66 Cal.App.5th at 69 (citing *Hobart v. Hobart Estate Co.*, 26 Cal.2d. 412, 437 (1945)).

Plaintiff's claim for fraudulent inducement necessarily implies that the fraud occurred when he purchased the Vehicle in May 2015. Accordingly, for Plaintiff's fraud claim to be timely, Plaintiff must plead facts establishing that the discovery rule tolled its accrual date for more than 6 years all the way through August 20, 2021—the date 3 years before he filed this action. Plaintiff alleges that the "fraudulent concealment was ongoing," and he discovered it because the defects continued to manifest, *see, e.g.,* Compl. ¶ 48, but this indicates that Plaintiff's fraud claim is facially time-barred because "[i]t is the discovery of facts, not their legal significance, that starts the statute." *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1113 (1988). And, as discussed above in connection with the Song-Beverly Act claims, Plaintiff pleads no factual details surrounding the circumstances of his discovery of the alleged fraud. Such facts must be pled with particularity. Plaintiff's vague and conclusory statements that he discovered the concealed defect only shortly before filing suit, and Plaintiff's generalized list of things Defendant did to conceal the defect, *see* Compl. ¶ 47, are insufficient to plausibly support the discovery rule as to a vehicle he owned 9 years before he filed suit.

7

Thus, the statute of limitations for Plaintiff's fraudulent inducement claim began to run on the date Plaintiff purchased his Vehicle, May 23, 2015, and expired 3 years later on May 23, 2018. Plaintiff filed his Complaint in August 2024, more than 4 years after the limitations period lapsed, so his fraudulent inducement claim is untimely and is barred by the statute of limitations.

### 3. Plaintiff Has Not Sufficiently Pled any Tolling Doctrine.

Plaintiff's Complaint alleges in shotgun fashion that all statutes of limitations were tolled by all of the following doctrines: "equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class-action tolling." *See* Compl. ¶ 35; *see also* Compl. ¶¶ 37-50 (boilerplate allegations pertaining to some of these doctrines). As mentioned above, Plaintiff has not pled facts adequate to invoke the discovery rule. Nor has Plaintiff pled facts sufficient to invoke any of these other tolling doctrines, as they are pled with mere boilerplate allegations and without any meaningful factual support. In fact, Plaintiff's Opposition only defends the discovery rule, so the Court deems him to have conceded that none of the other doctrines apply. *See Bobadilla v. Sec. Nat'l Mortg. Co.*, 2021 WL 4582159, at *1 (C.D. Cal. Mar. 15, 2021) (finding plaintiff "conceded [defendant's] argument by failing to substantively address it in his opposition").

Accordingly, this Court will not further analyze the other tolling doctrines and simply finds that they are insufficiently pled and that Plaintiff concedes on them.

### B. Plaintiff's Claims Are Insufficiently Pled for Other Reasons.

Given the Court's determination that all of Plaintiff's claims are barred by their statutes of limitations, it need not address Defendant's other grounds. But because the Court is granting leave to amend, it will address some of them briefly. If Plaintiff considers filing an amended complaint, Plaintiff must also consider all grounds raised in the motion, including those the Court does not address.

**1. Plaintiff's Fails to State a Claim for Violation of the Song-Beverly Act (Counts I-IV)**

Plaintiff's Song-Beverly Act claims are otherwise insufficiently pled. First, insofar as Plaintiff's Song-Beverly Act claims turn on his Vehicle being new, he cannot pursue them because his Vehicle was pre-owned. The parties appear to agree that this argument applies only to claims seeking the repair-or-replace remedy, *see* Opp'n 7:15-27 and Reply 4:10-11, but given how vaguely the Complaint is pled, it is not clear which counts this involves, so the Court will not so specify. In any event, the Song-Beverly Act's express warranty provisions apply only to "new motor vehicle[s]" Cal. Civ. Code §§ 1793.2(d)(2), 1793.22. The Act's definition of "new motor vehicle" means "a dealer-owned vehicle and a 'demonstrator' or other motor vehicle sold with a manufacturer's new car warranty." Cal. Civ. Code § 1793.22(e)(2). Similarly, the implied warranty provisions apply to "consumer goods" defined as "any new product." Cal. Civ. Code §§ 1792, 1791(a). Plaintiff's pre-owned Vehicle does not meet the statutory definition of "new motor vehicle" as that term is explained in *Rodriguez v. FCA US, LLC*, 17 Cal.5th 189, 196 (2024), nor can it be a "new product." Thus, Plaintiff may not seek the repair-or-replace remedy of § 1793.2(d)(2), or any remedy that depends on a vehicle being "new." Plaintiff's opposition refers to *Kiluk v. Mercedes-Benz USA, LLC*, 43 Cal.App.5th 334 (2019), but *Kiluk* concerned the Song-Beverly Act's *used* goods provision, Civ. Code § 1795.5, and while the header to Plaintiff's claim for breach of the implied warranty (Count IV) refers to § 1795.5, the Complaint pleads none of the facts necessary to plausibly invoke § 1795.5. The Complaint does not even make clear whether the warranty attached to it is the original warranty or a certified pre-owned warranty—a distinction that is important to this analysis. Separately, Plaintiff has not alleged any facts establishing that he provided Defendant reasonable repair opportunities.

Separately, Plaintiff's claim for breach of the implied warranty of merchantability is insufficiently pled. Because Plaintiff has not clearly pled the kind

9

of warranty he received and from whom, this claim is insufficiently pled. Furthermore, the Complaint simply recites the language of Cal. Civ. Code § 1791.1(a), which establishes the implied warranty; it is devoid of any factual allegations supporting the claim. *See* Compl. ¶ 68; *see also Twombly*, 550 U.S. 544, 570 ("mere conclusory statements in a complaint and formulaic recitation of the elements of a cause of action are not sufficient"). Furthermore, Plaintiff pleads no facts that can avoid the duration of the implied warranty of merchantability, whether it is the 3-month duration of Civil Code § 1795.5 that Defendant refers to, or the 1-year duration of Civil Code § 1791.1 that Plaintiff references in the Complaint ¶ 66.

For *at least* these reasons, Plaintiff's Song-Beverly Act claims are insufficiently pled.

### 2. Plaintiff Fails to State a Claim for Fraudulent Inducement – Concealment (Count V).

Defendant argues that Plaintiff's threadbare allegations are insufficient to state a claim for fraudulent inducement by concealment, especially in light of Rule 9(b)'s heightened pleading standard for fraud. The elements of a fraud cause of action are "(1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would have acted differently if the concealed or suppressed fact was known; and (5) plaintiff sustained damage as a result of the concealment or suppression of the material fact." *Rattagan v. Uber Techs., Inc.*, 17 Cal.5th 1, 40 (2024). The Court agrees that Plaintiff has not alleged facts sufficient to state his claim for fraudulent inducement. For example, Plaintiff does not allege facts clearly establishing "what" the alleged defect was, but instead lists a series of potential issues in an and/or list. Plaintiff does not allege that his vehicle experienced any issues, let alone what dangers he actually experienced. These facts go to the duty-to-disclose element. Rather than providing the requisite detailed allegations, Plaintiff resorts to vague and speculative assertions. This

is insufficient. Furthermore, because Plaintiff has not clearly alleged what warranty he received, he has not alleged facts establishing a duty to disclose. *See Rattagan*, 17 Cal.5th at 40 (duty to disclose under circumstances plaintiff relies on requires a preexisting relationship between the parties (e.g., seller and buyer, or parties entering into a contract) that "arise from direct dealings between the plaintiff and the defendant; it cannot arise between the defendant and the public at large.") Plaintiff presumably had a sale contract with the third-party dealership that sold him the Vehicle; it is not clear what kind of relationship he has with Defendant that could give rise to a duty to disclose. Therefore, the Court finds that Plaintiff has not pled facts showing that Defendant had a duty to disclose.

Finally, Defendant also argues that Plaintiff's claims are barred by the economic loss doctrine. The California Supreme Court's recent opinion *Rattagan v. Uber Techs., Inc.*, 17 Cal.5th 1 (2024) clarifies how this doctrine applies under California law. However, the Court declines to address this ground unless and until Plaintiff alleges an otherwise-viable fraudulent concealment claim.

## IV.    CONCLUSION

For the reasons set forth above, the Motion for Judgment on the Pleadings is **GRANTED**.

Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**.

Plaintiff must file any amended complaint within 21 days of this Order. If Plaintiff does not timely file an amended complaint, this matter will be deemed dismissed with prejudice and the case will be closed.

If Plaintiff does file an amended complaint, he **MUST**:

- List all counts in a numbered list on the face page.
- State in the heading of each count both the code section (if applicable), and the kind of claim, e.g., breach of express warranty, breach of implied warranty, etc.

11

- Avoid footnotes, especially those that (1) include extensive case citations which are not appropriate in a complaint, e.g., footnotes 2-5; (2) are irrelevant, e.g., footnote 1 about emissions warranties; (3) and are small font, which the Court will disregard entirely, e.g., all footnotes.

The Court may strike any amended complaint that does not comply with these directives.

Finally, it should go without saying, but any future memoranda **MUST** be tailored to the facts and claims asserted in this case.

**IT IS SO ORDERED.**

Dated: January 16, 2026

_____

HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE